## BATCHELDER *vs.* LAKE.

The plaintiff, upon the marriage of his daughter, lent to his son-in-law, who was a son of the defendant, certain household furniture. There was evidence tending to prove that they intended to keep the true nature of the transaction secret from the defendant, and to induce him to suppose that the property was a gift; but there was no evidence of a contract between the plaintiff and defendant, that any settlement should be made upon the wife, or that the gift of the furniture by the plaintiff was an inducement to the marriage. The furniture afterwards came into the possession of the defendant. In an action of trover for the property—*Held*, that even if the plaintiff and his son-in-law intended to induce the defendant to believe that the property was given

and not lent, still, if it were lent merely, the defendant, who claimed the property upon no other ground than that of the alleged deceit upon him, was not entitled to retain it.

A contract to give property to a child, as an inducement to a marriage, can be enforced only by those who are within the influence of the marriage consideration.

Such persons are the husband and wife, and their issue, and those who claim through one who is within the influence of the marriage consideration.

*Held*, therefore, that even if the plaintiff had contracted to give the property as an inducement to the marriage, the defendant could not enforce such a contract, nor retain the property if in his possession, as he did not claim through his son.

Trover, for certain articles of household furniture.

It appeared that in the year 1834, John Lake, 3d, a son of the defendant, was married to a daughter of the plaintiff.

Before the marriage, the plaintiff had procured the furniture in question, for the use of his daughter, but had said that he did not intend to *give* her any thing. On the day of the marriage, after the furniture had been put into carts, in the road near the house of the plaintiff, for the purpose of being carried to the house of John Lake, 3d, the plaintiff said to him, " Here, John, I lend you these things ; I wish you to make good use of them, until I call for them." Lake answered, " Father will hear of it before night :" to which the plaintiff replied, " No, he will not, unless you tell him of it ;" which Lake then said he should not do.

The furniture afterwards came into the possession of the defendant, and the plaintiff offered evidence tending to prove, that John Lake, 3d, had agreed that the goods might be taken by the plaintiff from the house of the defendant, and carried home.

The court instructed the jury, that a father, upon the marriage of his daughter, was not bound to make any provision for her ; that he might give her property, or the use of property ; and if they believed that the furniture was delivered to John Lake, 3d, only as a loan, to be re-claimed when the plaintiff should choose so to do, they should find for the plaintiff, and that the plaintiff was not bound to inform the

Batchelder v. Lake.

defendant of his intentions, either to give or lend the property; and the furniture being his own, he might make such contract with John Lake, 3d, as he pleased about it.

The counsel for the defendant moved the court to instruct the jury, that if the articles were suitable to the circumstances of the parties, and if the defendant were led to believe, by the conduct of the plaintiff, and had reason to believe, that this or a similar provision would be made, or had been made, for his daughter, and a secret condition were annexed to the delivery by the plaintiff, not communicated to the defendant, such condition was void; and that if there were an intention on the part of the plaintiff to keep the condition secret from the defendant, it was a fraud in law, which made the condition void. But the court declined so to instruct the jury.

A verdict was returned for the plaintiff; and the defendant moved to set it aside, and for a new trial, on account of the instructions aforesaid, and because the court did not instruct the jury according to the motion of the defendant.

*Bartlett, & Norris*, for the plaintiff.

*Perley, & Merrill*, for the defendant.

GILCHRIST, J. It does not appear, in this case, that the defendant has been in any way prejudiced by any transaction or understanding between the plaintiff and John Lake, 3d. He is not a creditor of his son, claiming to hold the property by any voluntary transfer from him, as security for a debt, nor does he set up a title derived from an attachment or levy of execution. He does not allege that he has purchased the property from one who held himself out to the world as its owner, and that he has thus been injured by any secret trust between his son and the plaintiff. He does not claim directly nor indirectly through his son. He puts his case only upon the ground that the plaintiff intended to keep the real

nature of the transaction secret from him, and to induce him
to believe that the furniture was a gift from him to his
daughter, and not merely a loan, to be reclaimed at pleasure.
His position necessarily is, that, although the property might
have been merely lent, still, if the plaintiff intended to
convey to him the impression that it was given, he has a
right to retain it as against the plaintiff, by whatever means
it came into his possession. Upon what principle this infe-
rence can be made, vesting the property in the defendant,
rather than in any other stranger, it is difficult for us to per-
ceive. Admitting that the plaintiff did not wish the defend-
ant to know that the property was merely lent—which,
however, does not appear very clearly from the evidence—
how can this authorize the defendant to retain the property?
It certainly is a novel mode of transferring the title. What
authority has the defendant to inquire into any understand-
ing, secret or open, between his son and the plaintiff? The
transaction was, as to him, *res inter alios acta.* There was
no privity between him and either of the parties. The re-
lation in which he stood to his son gave him no title to the
property. For aught that appears in the case, the son was
of age, and competent to make any contract which he should
deem expedient; and even if he were not, the fraud of the
plaintiff could not give the defendant, who does not act on
behalf of his son, any right to the possession of the furni-
ture.

Nor does the case come within any equitable principle re-
cognized in courts of chancery, as justifying their interfer-
ence in cases of marriage settlements. It does not appear
that the supposed gift of the property by the plaintiff induc-
ed any person to consent to the marriage. It has been held
in equity that where, the better to bring about a marriage, a
third person is induced to convey his estate to the intended
husband or wife, in order to give an appearance of property
where there is none, taking at the same time a reconveyance,
or a secret declaration of trust in his own favor, such tran-

sactions being fraudulent, the party shall be bound by it, provided the marriage takes place. *Atherley on Marriage Settlements* 484; *Montefiore* vs. *Montefiore,* 1 *Black. R.*363.

But here is no evidence that the plaintiff was to give this property as an inducement to the marriage. And even if such had been the case, the defendant could not take advantage of such a contract. Marriage articles can be enforced only by those who are within the influence of the marriage consideration, and at their instance. Such persons are the husband and wife, and their issue, and also those who claim through one who is within the influence of the marriage consideration; for all these rest their claims on the ground of a valuable consideration. *Ath. on Mar. Sett.* 126.

In this case the defendant does not claim through his son, nor does he assume to be in any way privy to the transaction; and there is evidence in the case that the son assented that the plaintiff might take the property. We see no ground on which the defendant can rightfully hold it, and are of opinion that there should be

*Judgment on the verdict.*